IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2231-D

| | |
|---|---|
| JOHN MAMONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN MCRAE, ) | |
| ) | |
| Respondent. ) | |

John Mamone ("Mamone" or "petitioner"), a former federal inmate proceeding pro se, seeks a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1]. The court now reviews the petition under 28 U.S.C. § 2243. As explained below, the court dismisses the petition as moot.

Mamone contends he is entitled to additional days of credit against the length of his sentence under the First Step Act ("FSA") and that he "did not receive the recommended placement date from the RRM" or "12 months SCA as recommended" by his unit team. Pet. at 2–3. On November 18, 2025, Mamone was released to a residential reentry management ("RRM") center. See [D.E. 4]; BOP Inmate Locator, https://www.bop.gov/inmateloc (search by inmate number 07803-062) (last visited Feb. 6, 2026). Mamone is subject to a three-year term of supervised release. See Pet. at 1.

A live case or controversy must exist through all stages of a federal judicial proceeding. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). A case or controversy no longer exists "when the issues presented are no longer live or the parties lack a legally cognizable interest

in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (cleaned up). The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, 568 U.S. at 91; Powell v. McCormack, 395 U.S. 486, 496 (1969); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019). A federal court may raise mootness sua sponte "at any stage of proceedings." United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013); see North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam).

Mamone's petition is moot in light of his release from incarceration. FSA "credits cannot be used to shorten a term of supervised release." Dandridge v. United States, No. 3:22-CV-647, 2023 WL 4137470, at *1 (E.D. Va. June 22, 2023) (unpublished) (cleaned up); see Hargrove v. Healy, 155 F.4th 530, 533–35 (6th Cir. 2025) (collecting cases); Palacio v. Sullivan, 814 F. App'x 774, 775 (4th Cir. 2020) (per curiam) (unpublished); Sinani v. Warden FCI Edgefield, No. CV 2:23-3624, 2024 WL 3862662, at *3 (D.S.C. June 20, 2024) (unpublished) (collecting cases), report and recommendation adopted, 2024 WL 3861554 (D.S.C. Aug. 19, 2024) (unpublished); Raley v. Warden of FCI Cumberland, No. CV 23-2845, 2024 WL 3090461, at *2 (D. Md. June 20, 2024) (unpublished). Mamone also has failed to plausibly allege that any delay in releasing him to a RRM kept him "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Warner v. Bragg, No. CV 9:19-344, 2019 WL 2016812, at *4 (D.S.C. Apr. 12, 2019) (unpublished), report and recommendation adopted, 2019 WL 2009300 (D.S.C. May 7, 2019) (unpublished). Thus, the court dismisses the petition without prejudice for lack of jurisdiction.

In sum, the court DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] for lack of jurisdiction. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 6 day of February, 2026.

                                              JAMES C. DEVER III
                                              United States District Judge